UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Kaitlin Hudson <br>     Plaintiff <br><br> v. <br><br> Dr. Michael J. O'Connell's Pain Care Center, Inc. and Dr. Michael J. O'Connell, <br>     Defendants | Case No. 11-cv-00278-JD |

### DEFENDANT DR. MICHAEL J. O'CONNELL'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

On the basis of the information now known to him, and without waiving any objection or admitting the relevance of materiality of any of the information sought, Defendant, Dr. Michael J. O'Connell ("Defendant" or "Dr. O'Connell"), hereby responds to Plaintiff's First Set of Interrogatories:

### GENERAL OBJECTIONS

All of the General Objections set forth herein are incorporated in each of the specific responses to the interrogatories set forth below and have the same force and effect as if set forth herein.

A.   Defendant objects to Plaintiff's First Set of Interrogatories to the extent it requests information that does not relate to dispositive discovery or seeks information that is beyond the scope of discovery under the Federal Rules of Civil Procedure.

B.   Defendant objects to each interrogatory that seeks information protected from disclosure by the attorney-client privilege.

C.   Defendant objects to each interrogatory that seeks information protected from disclosure by the attorney work product doctrine.

D. Defendant objects to Plaintiff's First Set of Interrogatories to the extent that it does not include a time limit and, thus, contains requests which are overly broad and unduly burdensome.

E. Defendant objects to each interrogatory requesting information about "each," "any," or "all" facts, persons and/or documents on the grounds that such requests are vague and ambiguous, overbroad, unduly burdensome, oppressive and vexatious, and seek documents or information that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

F. Defendant objects to each interrogatory that seeks to impose duties and obligations on Defendant in excess of those imposed by Federal Rules of Civil Procedure.

G. Defendant has made a good faith effort to respond to each of the interrogatories that is not otherwise objectionable. Defendant reserves the right to supplement or amend these responses should it obtain additional responsive information.

H. All Answers are provided without admitting the relevancy, materiality or admissibility of any information provided or document identified, and all objectives to be used are hereby expressly preserved.

    3.  Please identify whether you were involved in a sexual relationship with the plaintiff, Kaitlin Hudson. If so, please identify when it began and when was the last sexual interaction that you had with her.

<u>Answer</u>: Yes.  Approximately mid-February 2009 through no later than May 9, 2009.

    4. Please identify whether you resided with Ms. Hudson for any length of time at any residence in (a) Barrington, New Hampshire and (b) Wells, Maine. If so, please identify the approximate timeframes when you resided with Ms. Hudson in either or each location.

<u>Answer</u>: Yes. In approximately February 2009, I resided with Ms. Hudson in Barrington, New Hampshire. From approximately, March through early May 2009, I resided with Ms. Hudson in Wells, Maine. Prior to May 9, 2009, Ms. Hudson moved to the basement of the Wells, Maine property. In approximately, February or March 2010, I moved back to the Barrington, New Hampshire property.

6

    5.  Please identify whether you were ever sexually intimate with anyone other than Ms. Hudson between June 2008 and June 2010.  If so, please identify with whom, when, and where.

Answer:  Dr. O'Connell objects to this interrogatory on the grounds that is invasive, over burdensome, not related to claims and defenses and not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding and subject to the aforementioned objections, Dr. O'Connell states as follows: I was not sexually intimate with the woman identified in paragraphs 23-26 of the First Amended Complaint.

6. Please identify whether you have ever tested positive for the herpes virus. If so, please identify when and where you were tested.

Answer: Dr. O'Connell objects to this interrogatory on the grounds that is invasive and seeks information protected by the physician/patient privilege. Notwithstanding and subject to the aforementioned objections and without waiver of any physician/patient privilege, Dr. O'Connell states as follows: I have never tested positive for HSVII.

7. Please identify whether you have ever taken Valtrex. If so, please identify when and who prescribed it.

<u>Answer</u>: Dr. O'Connell objects to this interrogatory on the grounds that is invasive and seeks information protected by the physician/patient privilege. Notwithstanding and subject to the aforementioned objections and without waiver of any physician/patient privilege, Dr. O'Connell states as follows: No.