```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Kaitlin Hudson

   v.                                 Civil No. 11-cv-278-JD
                                       Opinion No. 2012 DNH 012

Dr. Michael J. O'Connell's
Pain Care Center, Inc. and
Dr. Michael J. O'Connell

                              O R D E R

Kaitlin Hudson brought state and federal claims against her former employer, Dr. Michael J. O'Connell's Pain Care Center, Inc. ("Center"), and Dr. Michael J. O'Connell, arising from her relationship with O'Connell and the conditions of her employment at the Center.  Hudson's claims for battery, negligent infliction of emotional distress, and sexual harassment have been dismissed.  The Center moves for judgment on the pleadings in its favor on Hudson's claims of invasion of privacy and intentional infliction of emotional distress.  Hudson objects.


                          Standard of Review

The standard for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that used for a motion under Rule 12(b)(6).  Collins v. Univ. of N.H., --- F.3d ---, 2011 WL 6350429, at *4 (1st Cir. Dec. 20, 2011).  Under that

standard, the court "accept[s] all well-pleaded facts as true and draw[s] all reasonable inferences in favor of the non-moving party." Id. "To survive a motion for judgment on the pleadings, the complaint must plead facts that raise a right to relief above the speculative level, such that entitlement to relief is plausible." Id. (internal quotation marks omitted).

## Discussion

The Center contends that Hudson's invasion of privacy and intentional infliction of emotional distress claims are barred by the exclusivity provision of the Workers' Compensation Law under RSA 281-A:8 and RSA 281-A:2, IX. Hudson responds that her invasion of privacy claim is based on her status as a patient, not as an employee of the Center. She contends that her intentional infliction of emotional distress claim is not barred by the exclusivity provision because the claim is based on the same conduct that supports her constructive discharge claim. In its reply, the Center argues that Hudson should be judicially estopped from asserting an invasion of privacy claim based on her patient status and disputes Hudson's theory as to her intentional infliction of emotional distress claim.

In New Hampshire, "[a]n employee of an employer subject to [the Workers' Compensation Law] shall be conclusively presumed to

have accepted the provisions of [workers' compensation], and . . . to have waived all rights of action whether at common law or by statute or provided under the laws of any other state or otherwise: (a) Against the employer . . . ."  RSA 281-A:8, I. The Workers' Compensation Law covers injuries "arising out of and in the course of employment . . . ."  RSA 281-A:2, XI.  The Workers' Compensation Law does not cover "a mental injury if it results from any disciplinary action, work evaluation, job transfer, layoff, demotion, termination, or any similar action, taken in good faith by an employer."  Id.  The effect of the cited parts of the Workers' Compensation Law is that employees cannot bring claims against their employers that arise out of their employment, with certain exceptions, including a claim that arises from a personnel action that was taken in good faith.

A.  <u>Invasion of Privacy</u>

Hudson alleges claims of invasion of privacy against O'Connell and the Center.  In support, Hudson alleges that "[a]s a patient of O'Connell, [Hudson] had a reasonable expectation of privacy in her medical records," that "O'Connell and Pain Care failed to properly safeguard [Hudson's] medical records as required," and that "[her] privacy was invaded because her personal medical information was not protected."  Am. Compl. doc.

3

no. 9, ¶¶ 68-70.  She alleges that she suffered injury related to the disclosure of her medical records.

The Center contends that Hudson's invasion of privacy claim is barred by the Workers' Compensation Law because her claim is against her employer, arose in the course of her employment, and does not fall within the exception for good faith personnel actions.  Hudson responds that her claim for invasion of privacy is based on her status as a patient of O'Connell and the Center, not as an employee.  In support, Hudson points out that the Center maintained her medical records because she was O'Connell's patient, not because she was an employee, and that the Center's employees were authorized to have access to her medical records in relation to her medical treatment, not because she was an employee.

The Center does not dispute that to the extent Hudson were deemed to be a patient, rather than an employee, her claim would not be barred by the Workers' Compensation Law.  Instead, the Center argues that Hudson should be judicially estopped from relying on her status as a patient because she addressed the invasion of privacy claim as an employee in her objection to the defendants' prior motion to dismiss.

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and

then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (internal quotation marks omitted).  Although no exact standard applies,

> [s]everal factors typically inform the decision whether to apply the doctrine in a particular case:  First, a party's later position must be 'clearly inconsistent' with its earlier position.  Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.  Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations.  A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Id. at 750-51 (internal citations and quotation marks omitted). The doctrine does not apply unless the court relied on the party's position in making a ruling favorable to the party to be estopped.  Rederford v. U.S. Airways, Inc., 589 F.3d 30, 38 (1st Cir. 2009).

The defendants previously moved to dismiss Hudson's invasion of privacy claim based on the exclusivity provision of the Workers' Compensation Law and the definition of injury in RSA 281-A:2, XI.  Hudson objected to that part of the motion by stating that an employee can bring claims against her employer

for torts that cause injury after her employment has ended.  The court denied the motion with respect to the invasion of privacy claim because RSA 281-A:2, XI had been amended and the parties had not addressed the amended version of the statute.

To the extent Hudson asserted that she was an employee for purposes of objecting to the defendants' motion to dismiss, she did not prevail on that basis.[1]  The court did not rely on Hudson's status as an employee in denying the defendants' motion.  Therefore, the doctrine of judicial estoppel does not apply in this situation.

B.  <u>Intentional Infliction of Emotional Distress</u>

As was noted in the order on the defendants' motion to dismiss, Hudson made only conclusory allegations in Count IV, her intentional infliction of emotional distress claim.  The claim was not dismissed, however, because she incorporated all of her allegations in the complaint, which under the applicable standard were sufficient to state a plausible claim.  In her objection, Hudson clarifies that her intentional infliction of emotional distress claim is based on allegations that O'Connell made sexual

---

[1] In fact, Hudson merely responded to the defendants' argument that she was an employee but did not assert that status to oppose the motion.

and other demands of her with a threat that her employment would be terminated if she did not acquiesce and that she was mistreated when she ended the personal relationship with O'Connell.

The Center argues that Hudson's intentional infliction of emotional distress claim is barred by the Workers' Compensation Law because the claim arose in the course of her employment and does not fall within the injuries excluded from workers' compensation coverage.  In response, Hudson argues that her claim is not barred because it is based on the same conduct that supports her claim for constructive discharge.  She contends, citing Porter v. City of Manchester, 151 N.H. 30, 43 (2004), that she can recover for emotional distress based on her constructive discharge claim.

In Porter, the plaintiff sought emotional distress damages under his constructive termination claim.  Id.  The case did not address a separate claim for intentional infliction of emotional distress.  The court concluded that the plaintiff adequately pleaded emotional distress damages as part of his constructive termination claim and that such damages may be recoverable under that claim.  Id. at 43-44.  Pertinent to this case, the court held that the Workers' Compensation Law barred the plaintiff from recovering for any emotional distress that occurred while he was

employed, that is in the course of his constructive discharge, but did not bar him from recovering "for those injuries that occurred after the constructive termination of his employment relationship with the city."  Id. at 44.

Because Hudson's claim for intentional infliction of emotional distress is based on injuries that occurred during her employment at the Center, the claim is barred by RSA 281-A:8, I. Her claim is not based on personnel action that was taken in good faith and, therefore, does not fall within the exception provided by RSA 281-A:2, XI.  Hudson's claim for emotional distress damages as part of her constructive discharge claim is not barred to the extent her injuries occurred after her employment relationship with the Center ended.

## Conclusion

For the foregoing reasons, the defendant's motion for judgment on the pleadings (document no. 20) is denied as to Count III, invasion of privacy, and is granted as to Count IV, intentional infliction of emotional distress.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 18, 2012

cc: William E. Christie, Esquire
    John P. Sherman, Esquire

8